# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (A.G.),<br><br>Plaintiff,<br><br>v.<br><br>JONATHON JOSHUA OLMOS, et al.,<br><br>Defendants. | Case No. 1:25-cv-00896-JLT-SAB<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR SCREENING OF THE REPRESENTED PLAINTIFF'S REMOVED COMPLAINT<br><br>ORDERING DEFENDANT TO FILE A RESPONSIVE PLEADING PURSUANT TO RULE 81 OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 1) |

On July 22, 2025, Defendant California Department of Corrections and Rehabilitation ("CDCR")[1] removed this action from Madera County Superior Court. (ECF No. 1.) CDCR requests that the Court screen the complaint under 28 U.S.C. 1915A(a), which provides that the Court shall review complaints in which a prisoner seeks redress from governmental employees.

Plaintiff Jane Doe (A.G.), a state prisoner represented by experienced counsel, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on June 18, 2025. (ECF No. 1.) Plaintiff's counsel prepared and filed the complaint. (Id.) CDCR removed this action from state court; thus, Plaintiff is not proceeding *in forma pauperis*. The fixed clock for Plaintiff's filing of a motion to remand has begun. Nevertheless, Defendant contends that screening of this action is

---

[1] CDCR proffers that the other Defendants—Jonathon Joshua Olmos, Randall Allen Jr., and California Prison Industry Authority—have not been served. (ECF No. 1 at 3.)

1

1 required under 28 U.S.C. 1915A(a).[2] (ECF No. 1 at 2.)

2   While 28 U.S.C. 1915A(a) does not distinguish between cases that are filed by prisoners who are pro se and those who are represented by counsel, this Court does not typically screen prisoner cases where plaintiff is represented by counsel *and* not proceeding *in forma pauperis*. The purpose behind judicial screening of prisoner complaints is to prevent complaints which allege non-cognizable claims or are otherwise difficult to understand from being served on defendants.  See Simmons v. CDCR, 49 F. Supp. 3d 700, 701 (E.D. Cal. 2014).  A complaint that is prepared and filed by counsel pursuant to the pleading requirements under Rule 11 of the Federal Rules of Civil Procedure negates the purpose to judicially screen complaints.  Id. Further, judicial screening of a represented plaintiff's complaint allows a defendant to circumvent informal dispute resolution, which is averse to the interest of judicial economy. Defendants may more effectively meet and confer with retained counsel regarding any ambiguities or deficiencies in the complaint than they could an incarcerated pro se plaintiff.  See Mollica v. Cnty. of Sacramento, No. 2:19-cv-02017-KJM-DB, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022) ("When attorneys resolve disputes informally to the extent they can, they allow judges to give their attention only to those disputes remaining and to other cases.  In this way, other litigants also benefit when attorneys meet and confer effectively.")

  The Court notes that judicial screening is particularly counterintuitive when a defendant removes a complaint filed by experienced counsel from State Court and then requests that this heavily impacted court issue an essentially expedited screening order, given the clock for procedural deadlines related to removal and remand has begun. See Fed. R. Civ. P. 81(c)(2)(C) ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules within…7 days after the notice of removal is filed"); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"); N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69

---

[2] The Court notes, however, CDCR also refers to Plaintiff's complaint as a "form complaint," which it certainly is not. (ECF No. 1 at 3.)  Should Defendant's request for screening be a typographical error in its notice of removal, CDCR shall ensure accuracy in all future filings in this action.

F.3d 1034, 1038 (9th Cir. 1995) (a district court "ha[s] no authority to remand [a] case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal.").

However, because the mandatory language in 28 U.S.C. 1915A(a) fails to distinguish between cases that are filed by prisoners who are pro se and those who are represented by counsel or have paid the filing fee, the Court will grant Defendants' request to screen the complaint to confirm Defendant's contention that this Court has subject matter jurisdiction and to determine whether Plaintiff's complaint states a cognizable claim.  <u>The Court's screening order does not preclude Defendants from filing a motion under Rule 12 of the Federal Rules of Civil Procedure nor does it preclude Plaintiff from filing a timely motion to remand.</u>

## I.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that Defendants Jonathon Joshua Olmos, who is employed by Defendants CDCR and/or the California Prison Industry Authority ("Cal-PIA"), sexually assaulted Plaintiff, while Defendant Randall Allen, Jr. supervised Defendant Olmos and failed to protect Plaintiff. (ECF No. 1 at 10-17.)[3] Plaintiff alleges that (1) Defendant Olmos is liable under 42 U.S.C. § 1983 for violating her Eighth Amendment right to be free from cruel and unusual punishment/excessive force; (2) Defendants Allen Jr. and Does are liable under 42 U.S.C. § 1983 for supervisory liability; (3) Defendants Allen Jr. and Does is liable under 42 U.S.C. § 1983 for failing to protect Plaintiff; (4) Defendants Olmos, CDCR, and Cal-PIA are liable for sexual harassment and discrimination under California Government Code § 12940 et seq.; and (5) Defendants CDCR, Cal-PIA and Does[4] are liable for retaliation under California Government Code § 12940(h).  (ECF No. 1 at 18-23.)

This Court has federal question jurisdiction over this action because it arises under the

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[4] Plaintiff also titles her state law retaliation claim as one against the State of California. (ECF No. 1 at 22.) However, this appears to be a typographical error as the State of California is not named or referenced elsewhere in the complaint as a Defendant in this action.

1  Constitution and federal law. 28 U.S.C. § 1331. Specifically, Plaintiff alleges federal causes of
2  action that fall under 42 U.S.C. § 1983 and violations of the Eighth Amendment to the United
3  States Constitution. This Court has discretion to exercise supplemental jurisdiction over
4  Plaintiff's two state law causes of action, because they are "so related to claims in the action"
5  over which the Court has original jurisdiction "that they form part of the same case or
6  controversy." 28 U.S.C. § 1367(a).  Accordingly, the Court has federal question jurisdiction and
7  shall exercise supplemental jurisdiction over Plaintiff's state law claims.

      Based on a review of the complaint prepared by Plaintiff's counsel and attached to Defendant's notice of removal, the Court finds Plaintiff has stated cognizable claims for (1) cruel and unusual punishment/excessive force under the Eight Amendment and 42 U.S.C. § 1983 against Defendant Olmos; (2) supervisory liability pursuant to 42 U.S.C. § 1983 against Defendant Allen Jr.; (3) failing to protect Plaintiff pursuant to 42 U.S.C. § 1983 against Defendant Allen Jr.; (4) sexual harassment and discrimination under California Government Code § 12940 et seq. against Defendants Olmos, CDCR, and Cal-PIA; and (5) retaliation under California Government Code § 12940(h) against Defendants CDCR and Cal-PIA.

      As Plaintiff's experienced counsel is well aware, "[a]lthough the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names." Rojas by & through Rojas v. California Dep't of Corr. & Rehabs., No. 2:21-CV-01086-DAD-AC, 2023 WL 7130843, at *2 n.12 (E.D. Cal. Oct. 30, 2023).  If, as CDCR alleges, the remaining named Defendants are unserved, Plaintiff may file a request for the issuance of summonses.  See 28 U.S.C. § 1448.

      Defendant CDCR alleges in its July 22, 2025 notice of removal that it was served with the complaint on July 1, 2025. (ECF No. 1 at 2.)  Thus, it appears Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure governs the deadline of CDCR's response.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for screening pursuant to 28 U.S.C. 1915A(a) is GRANTED (ECF No. 1);
2. This case may proceed against Defendants Jonathon Joshua Olmos, Randall Allen, Jr., California Department of Corrections and Rehabilitation, and California Prison Industry Authority as alleged in Plaintiff's complaint; and
3. Defendant California Department of Corrections and Rehabilitation's SHALL file a response to Plaintiff's complaint **no later than July 29, 2025**, pursuant to Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **July 24, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5